

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. A. Walters
County Attorney
San Saba County
San Saba, Texas

Dear Sir:

Opinion No. 0-1057
Re: Taxing units not authorized
to dispense with judicial
sale and accept deed to prop-
erty in satisfaction of ad
valorem tax judgment.

We are in receipt of your letter of June 28,
1939, requesting the opinion of this Department upon the
following question:

"In a case where state and county, dis-
trict school and city, three separate tax units,
hold a judgment for taxes and the owner of the
land against which lien was foreclosed offers
to deed the property to these three taxing units
in satisfaction of judgment, can that be done
and save the costs of sale and delay in acquir-
ing the possession of the property?"

This Department ruled in opinion No. 0-102 dated
January 23, 1939, that a commissioners' court does not
have the authority to compromise a disputed claim for de-
linquent ad valorem taxes. It was also ruled in opinion
No. 0-136 dated January 28, 1939, that an attorney who
handles the collection of delinquent taxes does not have
the power to settle or compromise tax suits for a sum less
than the amount of the assessment plus penalties and court
costs.

Unless otherwise specified by statute, taxes
are payable only in money and this is always understood
in the tax laws when nothing else is mentioned. 3 Cooley
on Taxation, 4th Ed., p. 2483; Bumnel v. City of Houston,
68 Tex. 10, 2 S. W. 740; Austin v. Fox, (Com. App. 1928)

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT



Honorable C. A. Walters, Page 2

1 S. W. (2d) 601; Scisson v. State, (Tex. Cr. App. 1932) 51 S. W. (2d) 703.

The applicable statutes of this State which govern the collection of delinquent ad valorem taxes are not designed to obtain the property against which the tax is due but the lien and foreclosure is provided as an additional remedy and means for collecting the tax which is itself an obligation payable in money. The mere giving of a lien, reducing the tax obligation to judgment and foreclosure of a lien to secure its enforcement would not authorize the acceptance of another medium of payment unless so provided by statute.

Article 7326, Revised Civil Statutes, 1925, provides that suit shall be filed for the total amount of taxes, interest, penalty and costs and shall pray for judgment for the payment of the several amounts. It is provided in Article 7328 that the proceedings had therein shall be as provided by law in ordinary foreclosure suits. A personal judgment against the owner of the land for the years in which the taxes accrued is proper. Williamson v. City of Eastland, ( T. C. A. 1933) 65 S. W. (2d) 774; Baldwin v. Hull - Daisetta Ind. Sch. Dist. (T. C. A. 1936) 95 S. W. (2d) 1350. In Broocks v. State, (T. C. A. 1931) 41 S. W. (2d) 715, it is stated:

"In Harrison v. Orr, 296 S. W. 871, construing this Article (7326), the Commission of Appeals intimated that the failure to render a personal judgment against the defendant would make the judgment interlocutory, and in Brooks v. State, 15 S. W. (2d) 665, speaking for this court, Mr. Chief Justice Hightower said that the failure to render a personal judgment against the defendant rendered the judgment fundamentally erroneous."

It is true that the Legislature has made provision for the protection of the interests of the State and other taxing units at the sale by enabling them to purchase the land in the event it is not sold to other parties. Article 7345b, Sec. 8, provides that :

"No property sold for taxes under decree in such suit shall be sold to the owner of said property, directly or indirectly, or to anyone

Honorable G. A. Walters, Page 3

having an interest therein, or to any party
other than a taxing unit which is a party to
the suit, for less than the amount of the ad-
judged value aforesaid of said property or the
aggregate amount of the judgments against the
property in said suit, whichever is lower, and
the net proceeds of any sale of such property
made under decree of court in said suit to any
party other than any such taxing unit shall be-
long and be distributed to all taxing units
which are parties to the suit which by the judg-
ment in said suit have been found to have tax
liens against such property, pro rata and in
proportion to the amounts of their respective
tax liens as established in said judgment,****"

Although a particular taxpayer may express an
intention not to bid at a tax sale and be willing to deed
the property to the taxing units in satisfaction of the
judgment, upon the sale being conducted as provided by
the statute, other parties may bid in the property at the
sale and the full amount of the tax be collected. If
the property is sold for less than the amount of the judg-
ment and costs then the taxing units may resort to further
execution to satisfy the deficiency where a personal judg-
ment has been obtained.

Section 12 of Article 7345b provides for a two
year period of redemption and Section 9 makes provision
for an additional sale of the property when it is bid in
by taxing units. No sale may be made by a taxing unit
for less than the amount of the judgments without the
written consent of all other taxing units and if the pur-
chasing unit does not make the sale within six months
after the period of redemption the property may be sold
by the Sheriff at public sale.

Specific and detailed provision is made for
the judgment for payment of delinquent taxes, foreclosure
of the tax lien, judicial sale and redemption. We think
the statutes provide the exclusive procedure to be follow-
ed in the foreclosure, sale and purchase of land in sat-
isfaction of delinquent taxes.

It is our opinion that where three taxing units
hold a judgment for taxes and a foreclosure of the tax

lien, such units are not authorized to accept a deed to the property in satisfaction of the judgment but the procedure provided by statute for judicial sale should be followed.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Cecil Cammack,*

Cecil C. Cammack
Assistant

CCC:LK

APPROVED
OPINION
COMMITTEE
BY *BWB.*
CHAIRMAN

APPROVED AUG 22, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS